LANE, Secretary of the Interior, et al. v. STATE OF NEW MEXICO.

(Court of Appeals of District of Columbia. Submitted May 6, 1919. Decided June 2, 1919.)

No. 3221.

.PUBLIC LANDS ☞53—SCHOOL LAND—LIEU LAND.
　　Where public land, granted a state for school purposes, was included within a national forest reservation, a lieu land selection made by the state pursuant to Act June 20, 1910, and Rev. St. §§ 2275, 2276, as amended by Act Feb. 28, 1891 (Comp. St. §§ 4860, 4861), cannot be canceled by the Secretary of the Interior upon the ground that a change in the national forest boundaries between the date of the lieu land selection and its approval by the Secretary had again made the base land available for school purposes.

Appeal from Supreme Court of the District of Columbia.
Bill by the State of New Mexico against Franklin K. Lane, Secretary of the Interior, and Clay Tallman, Commissioner of the General Land Office. Decree for plaintiff, and defendants appeal. Affirmed.

Charles D. Mahaffie and C. Edward Wright, both of Washington, D. C., for appellants.
Patrick H. Loughran, of Washington, D. C., for the State of New Mexico.
Charles F. Consaul and Charles C. Heltman, both of Washington, D. C., amici curiæ.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, after hearing on bill and answer, enjoining appellants from enforcing a decision holding for cancellation a lieu land selection of the state of New Mexico; the ground of that decision being that subsequent to such selection, but prior to.final action thereon by the Interior Department, the base land again had been made available for school purposes by a change in the boundaries of the Alamo National Forest.

The north half of section 36 was granted to the state of New Mexico for school purposes (Act June 21, 1898, c. 489, 30 Stat. 484, 485; Act June 20, 1910, c. 310, 36 Stat. 557), and it is conceded that the state's title thereto was absolute. Subsequently the Alamo National Forest was created, which surrounded the above grant. By section 6, Act June 20, 1910 (36 Stat. 557, 561), the provisions of sections 2275 and 2276, R. S., as amended by Act Feb. 28, 1891 (26 Stat. 796, c. 284 [Comp. St. §§ 4860, 4861]) were extended to New Mexico. Section 2275 provides for lieu land selections and declares that such selections shall be a waiver of the right of the state to the base lands. Section 2276 provides that the lands appropriated by section 2275 "shall be selected from any unappropriated, surveyed public lands, not mineral in character," and section 11 of the act of 1910 provides

"that all lands granted in quantity or as indemnity by this act shall be selected, under the direction and subject to the approval of the Secretary of the Interior, from the surveyed, unreserved, unappropriated, and nonmineral public lands of the United States within the limits of said state," etc.

It is conceded that, as the title to the base land was in New Mexico when the Alamo National Forest was created, the state had a right to exchange this land for other land in lieu thereof, and, further, that the land embraced in this lieu land selection was "surveyed, unreserved, unappropriated and nonmineral" public land. In other words, the sole contention of the Department is that the boundaries of the national forest having been changed subsequent to the filing of the lieu land selection, so that the base land in question was not embraced therein, the statutory basis for the exchange had ceased to exist.

In California v. Deseret Water, etc., Co., 243 U. S. 415, 37 Sup. Ct. 394, 61 L. Ed. 821, it was ruled that when a forest reserve is made to include a school section previously surveyed, as in this case, the state may waive its right to the section and select other land in lieu thereof, under sections 2275 and 2276 R. S., as amended. Under the authority of that case, the filing by the state of New Mexico in the present case of the lieu land selection constituted a waiver of the state's title to the base land, and the equitable title from that moment was in the United States. The statute explicitly provides that the filing of such a selection "shall be a waiver" of the right of the state to the base land.

We regard the case as ruled by our decision in Central P. R. Co. v. Lane, 46 App. D. C. 374, Ann. Cas. 1918C, 1002, where it was held that the Interior Department was without authority to reject an indemnity selection filed by the railroad company because the land, subsequent to the filing of such selection, had been included in a water power reserve site. In the present case, New Mexico having waived its right to the base land and filed on other land open to selection, the rights of the parties became fixed and the Interior Department was clothed with no authority to withhold its approval because of conditions which one of the parties to the contract subsequently created. It is unnecessary to repeat what was said in the Central P. R. Co. Case.

The decree is affirmed, with costs.

Affirmed.

VAN ORSDEL, Associate Justice, did not sit in the hearing and determination of this appeal.